## JAMES TROXLER v. SOUTHERN RAILWAY COMPANY.

(Filed 2 November, 1927.)

1. **Actions—Federal Employers' Liability Act—Courts—Federal Decisions —Practice—Procedure.**

   Upon the trial of an action brought in the State court to recover damages against a railroad company for personal injuries alleged to have been negligently inflicted, the decisions of the Federal Court control, but the rules of practice and procedure in the State court are followed.

2. **Master and Servant—Employer and Employee—Evidence—Assumption of Risks—Issues.**

   Evidence tending to show that the plaintiff, in the scope of his employment with the defendant railroad company, was engaged in repairing a part of a machine used for loading rails upon the defendant's cars, and he was in a position of safety except for the negligence of the defendant's other employees, acting under the supervision of the defendant's vice-principal or *alter ego*, which resulted in a part of the loader flying around and striking the plaintiff causing the injury in suit, and the work upon which the plaintiff was engaged was not obviously or intrinsically dangerous otherwise: *Held*, insufficient to raise an issue of assumption of risks.

3. **Same—Negligence—Nonsuit.**

   *Held*, upon the facts of this appeal, defendant's motion as of nonsuit upon the evidence was properly denied.

APPEAL from *Harding, J.*, and a jury, at February Term, 1927, of ROCKINGHAM. No error.

This was an action for actionable negligence, brought by plaintiff against defendant for damages under the Federal Employers' Liability Act. The plaintiff, an employee of defendant, in substance, alleged: That defendant was using a rail-loader in picking up steel rails and placing them on flat cars. The loader was built on a flat car, the crane, or boom, was so constructed as to swing around and pick up the rails and place .them on the car. The loader was operated by compressed air from the engine attached to the work train. A steel cable was fastened to the boom or crane and wound around a large drum, and was part of the equipment of the loader and used in lifting and placing the rails. The cable fastened to the loader had come out of adjustment. The plaintiff was working on the cable, fastening certain bolts, and the defendant negligently caused the boom or crane to swing around and strike the plaintiff on the left leg below the knee inflicting permanent injury.

The defendant denied negligence, plead assumption of risk and contributory negligence and diminution of damages.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in the answer? Answer: Yes.

"3. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: $1,000."

*P. T. Stiers for plaintiff.*

*Brown & Trotter for defendant.*

CLARKSON, J. The carefully prepared supplemental brief of defendant, giving authorities that "the provisions of the Federal Employers' Liability Act are applicable to the facts in this case," was unnecessary. It was brought under the act. The complaint so states. The decisions of the Federal Courts were applicable in the trial of this action. "The decisions of the Federal Courts control over the State Courts in all actions prosecuted in the State courts, but the rules of practice and procedure are governed by the laws of the States where the cases are pending." *Inge v. R. R.,* 192 N. C., at p. 526.

Plaintiff testified, "We had taken the cable loose, and I was putting it back on and tightening some bolts—I sitting straddling the drum. . . . The foreman was Mr. L. B. Davis. I do not see him here. He was standing up there when I was working, and he was directing the work; he was a white man, and my boss. . . . When I was working there with my head down some of the rest of the men untied the boom and swung it around over the flat car that was connected with the loader: At the time I went to work this cable was tied. It was tied around with the rail-loader, with ropes around. The boom (or crane) wheeled around and fell on the main line. We were standing on the sidetrack, the rail-loader was, and it fell across the main line, and when it hit the ground that knocked the boom stand out of socket, and that struck me on the leg and cut a long gash on my leg. . . . When you fasten the chains the boom can't swing around. . . . The boom could not swing around if the chains were fastened. The chains were not fastened at the time it swung around and broke my leg. There was a rope fastened at the time to it, but no one had hold of the rope; they turned it loose or let it get away from them. . . . The boom was fastened down when I went to work on the cable that morning."

The plaintiff was working with his head down. The foreman, the alter ego, was standing there directing the work. The work was not so

obviously dangerous that a reasonably prudent man, under similar circumstances, would not do and should refuse to do it. The foreman, Davis, represented the defendant and had the right to give orders to plaintiff and direct the work. The issue of assumption of risk was not applicable to the facts in the present case. The court below charged fully and clearly the law applicable to the facts, and perhaps more liberal for defendant than it was entitled to. *Jones v. R. R.,* 176 N. C., p. 264-5; *Inge v. R. R., supra* (petition for writ of *certiorari* denied by U. S. Supreme Court, 28 February, 1927); *Robinson v. Ivey,* 193 N. C., at p. 812.

The foreman "was a white man and my boss"—the plaintiff was obedient to authority and, under the facts here disclosed, we can find no evidence of assumption of risk.

The assignment of error based on the motions of defendant for judgment as in case of nonsuit at the close of plaintiff's evidence, and at the close of all the evidence (C. S., 567), cannot be sustained. The assignments of error to the refusal of the court below to submit an issue tendered by defendant as to assumption of risk, and failing to charge the jury relative thereto, cannot be sustained. In law we can find

No error.